R. B. Douglass and Chas. F. Boddie *v.* W. J. Joyner.

R. B. DOUGLASS & CHAS. F. BODDIE *v.* W. J. JOYNER.

1. CHANCERY. *Jurisdiction of.* *To enjoin executions from other Courts of Equity.* Where a judgment by motion was taken upon a forged note in a distant county, from the residence of the supposed principal, without notice.

   *Held,* The defendant to such a judgment may have an injunction against its execution, as well from any other Chancery Court having jurisdiction, as the one rendering the judgment—the injunction in such a case operating upon the party, and not upon the Court.

   Cases cited: Deaderick *v.* Smith, 6 Hum., 130; Whitesides *v.* Wyatt and Latham, 2 Cold., 91.

2. SAME. *Remedy.* While the proper remedy in cases like this is, perhaps, by writ of error *coram nobis,* yet relief may be had in a Court of Equity. 7 Hum., 119.

   3. SAME. *Material defendant.* Since this is a proceeding in the nature of a bill to enjoin an execution at law, the bill may be filed in the district to which execution has issued, under Sec. 4,311, sub-Sec. 3 of the Code.

FROM SUMNER.

Appeal from the Chancery Court. CHAS. G. SMITH, Chancellor.

R. B. Douglass & Chas. F. Boddie *v.* W. J. Joyner.

J. J. TURNER, for complainants.

JAMES D. PARK, for defendant.

McFARLAND, Judge, delivered the opinion of the
Court.

The Chancellor sustained a demurrer to this bill
and amended bill, and from this decree the complain-
ants have appealed.

The bill was filed the 1st of March, 1872, in the
Chancery Court at Gallatin.    It charges in substance
that the defendant, Joyner, who is the Deputy Sheriff
of the county, has in his hands an execution against
the complainants, issued upon a judgment rendered
against them in Chancery Court, at Franklin, for
Williamson County, on the 23d of October, 1871, for
$2,314.51 in favor of the defendants, Park and Maney,
administrators of Wm. Maney, deceased.    The bill
charges that this judgment was rendered by motion,
without notice to them; that it was founded upon a
note for $1,500, dated 5th of April, 1860, payable to
one DeGraffenreid, and purporting to have been ex-
ecuted by D. C. Douglass, M. C. Abston, R. B. Doug-
lass, and Wm. Maney as security for the other three.
The bill charges that the said Maney, nor his repre-
sentatives, had ever paid any part of said note, and
we are left from this to infer that the judgment was
rendered upon the ground that judgment had been
rendered against said Wm. Maney, or his representa-
tives upon the note, and upon this the judgment in

question was taken by motion against the supposed principals in the note. There is in this record what purports to be a copy of the judgment, but as it was not made a part either of the original or amended bills, upon a demurrer we can not look to it.

The bill charges that in fact neither the complainant, R. B. Douglass, nor Abston, the intestate of the other complainants, ever executed or authorised the execution of the note in their name; that Maney was only the security of his son-in-law, D. C. Douglass, on the note. It is further charged that Abston died in 1860, when administration was granted upon his estate, which has since been fully administered as an insolvent estate in the Chancery Court at Gallatin; that the claim as to his estate is barred by the statute of limitations, and that the judgment in question was taken in violation of the statutory injunction which results from the insolvent proceedings; that the claim was not filed in time for pro rata, and, in fact, was not heard of until the execution came against them.

The first ground of demurrer relied upon is, that the Chancery Court at Gallatin has no jurisdiction to enjoin a decree or judgment of the Chancery Court at Franklin, in another district. For this the cases of *Deaderick et al.* v. *Smith,* 6 Hum., 130, and *Whitesides* v. *Wyatt and Latham,* 2 Cold., 91, are relied upon.

The first of these was where an injunction had been obtained in the Chancery Court at Murfreesboro against the execution of judgments upon notes executed to the Clerk and Master at Franklin, for the purchase

of land sold in the progress of a cause still pending in that Court. The latter was an injunction sued out in the Chancery Court at Rutledge, Grainger County, enjoining a judgment rendered upon a note given for the purchase of land sold by decree of the Circuit Court of the same county, upon which, in the progress of the cause, the judgment had been rendered by motion in favor of the Commissioner.

In neither of these causes was it denied, that the facts giving, the Court rendering the judgment sought to be enjoined, jurisdiction, in fact existed; it clearly appeared that the Court had jurisdiction, and in the first-mentioned cause the original cause was still pending in the Chancery Court at Franklin; and this was probably so as to the case in 7 Coldwell.

In such cases this Court held that it would create unseemly conflict between the jurisdiction of the different Courts to allow one Chancery Court to enjoin the proceedings of the other; but their remedy would be to apply by petition in the cause in which the judgment was rendered, for such equitable relief as they might be entitled to. It is clear that the relief sought in these causes was not upon the want of jurisdiction of the Court rendering the judgments, but upon some supposed equity against the claims. But in this cause, upon the allegations of the bill, which are to be taken as true, the note upon which the judgment by motion was rendered was a forgery as to the complainants, and they had no notice to defend; the judgment had been rendered and execution issued.

In such case the Court rendering the judgment would not claim to exercise further jurisdiction over the cause; it was at an end, and relief by petition in the cause could not be obtained. If such judgment had been rendered by the Circuit Court, there could be no question but that the defendants would have their remedy in a Court of Equity, as against any other void judgment rendered without notice. The Chancery Court, in such case, is but exercising under the statute the same jurisdiction given the Circuit Court.

The injunction sought against the execution of such a judgment operates upon the party and not upon the Court, and we can see no reason why this injunction might not as well issue from any other Chancery Court having jurisdiction as the one rendering the judgment. This would create no more conflict of jurisdiction than if the judgment had been rendered by the Circuit Court. Conflict of this character is of constant occurrence.

In a cause of this character, if the note, which is the foundation of the motion, be in fact forged, and because there is no notice this act is not made known to the Court or passed upon, it is a fraud; and certainly the defendants would not be without remedy, and in such a cause we see no reason why the jurisdiction to give the relief should be confined to the Court rendering the judgment. Such has not been the holdings of our Courts.

The second ground of demurrer is that the remedy was by writ of error, *coram nobis*. The complainant

R. B. Douglass & Chas. F. Boddie *v.* W. J. Joyner.

might have had this remedy, but might also have his remedy in equity.   7 Hum., 116.

If a judgment by motion be taken upon a forged note in a distant county from the residence of the defendant, we do not see that he ought to be compelled to resort to the courts of that county for relief.

The only other ground that we need notice is, that the bill shows that no material defendant resides in the County of Sumner.   The bill shows that Joyner, the Deputy Sheriff, is a citizen of Sumner, but that the other defendants reside in Williamson County. Bills seeking to enjoin proceedings at law may be filed in the district in which the suit is pending, or to which execution has issued.   Code 4,311, sub-Sec. 3. This is in the nature of a bill to enjoin an execution at law, although the judgment was rendered in the ———.  *

The decree is reversed, the demurrer overruled, and the cause remanded.   The defendant will pay the costs of this Court.

*. A corner of the opinion was accidently torn off at the blank space above, before being enrolled.

CLERK SUPREME COURT.